**02D09-2303-CT-000180**

Allen Superior Court 9

Filed: 3/2/2023 8:55 AM
Clerk
Allen County, Indiana
BI

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

DYNYAH A. LEE,                              )
                Plaintiff,          )
                         )
        v.                           )
                         )
DANA LIMITED, LLC,                      )
                Defendant.      )

## COMPLAINT

Plaintiff, by counsel, alleges against the Defendant as follows:

1.   The Plaintiff is Dynyah Lee, a black/African American, who at all material times to this Complaint suffered from a serious medical condition constituting a disability/perceived disability/record of impairment.

2.   The Defendant is Dana Corporation, a company doing business at 2100 West State Boulevard, Fort Wayne, Indiana 46808.  At all material times to this Complaint, the Defendant was an "employer" for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and 42 U.S.C. § 1981.

3.   Plaintiff filed an EEOC Charge of Discrimination, No. 24D-2022-00234/EO-0228-A22, on May 25, 2022, and an Amended Charge of Discrimination on August 19, 2022, copies of which are attached hereto, incorporated herein and made a part hereof as Exhibits "A" and "B".  The EEOC issued a Notice of Rights/Notice of Right to Sue on January 27, 2023, a copy of which is attached hereto and made a part hereof

1

as Exhibit "C". All administrative remedies have been exhausted and all
jurisdictional prerequisites have been met for the filing of this lawsuit.

4. Plaintiff was employed by Defendant as a Machine Operator from on or about
February 28, 2022, until on or about May 20, 2022. She performed within the
reasonable expectations of the employer at all material times. On March 25, 2022,
Plaintiff suffered a work-related injury, and was medically ordered onto restrictions
for her work hours and lifting. The work injury caused medically related restrictions
that constituted a disability/perceived disability/record of impairment. Defendant
informed Plaintiff she would be terminated if she "couldn't do the required work" and
refused to comply with the Plaintiff's work restrictions. Those work restrictions
would have been reasonable accommodations as defined by the ADA.

5. In April 2022, after Defendant repeatedly failed to comply with the Plaintiff's work
restrictions, and provide her reasonable accommodations for her condition, Plaintiff
contacted the Defendant's Human Resources Representative Lindsey _____ (last
name unknown). Plaintiff reported that her work restrictions were not being
complied with by her supervisor Jennifer Hollis.

6. Meanwhile, Defendant had been complying with the work restrictions of a
white/Caucasian employee named Grace/Fran and the Defendant did not threaten to
fire that employee.

7. HR Representative Lindsey told Plaintiff that the situation would be investigated, but
it never was. On May 13, 2022, Plaintiff's doctor removed her restrictions so
Defendant would not terminate her.

2

8. However, Defendant's treatment of Plaintiff did not improve. Supervisor Jennifer gave Plaintiff more mandatory work hours, more work, and unjustified negative weekly performance evaluations, while similarly situated employee's that were non-black/non-African American, and/or who lacked serious health conditions constituting a disability/perceived disability/record of impairment, were not treated in the same harsh manner.

9. On May 20, 2022, Plaintiff was told she was terminated for allegedly being unable to keep up with the work.

10. However, Defendant's policies stated that before an employee was to be terminated, they should be given the opportunity to work in a different department. This would have been a reasonable accommodation had the opportunity been offered to the Plaintiff. However, Plaintiff wasn't given that option, even though similarly situated White/Caucasian employees were.

11. One of the Plaintiff's co-workers told Plaintiff that she heard supervisor Jennifer Hollis state (following the termination) that Hollis "finally got rid of [the Plaintiff] and that Hollis "not hiring anymore little black girls".

12. Plaintiff contends that the proffered reason for termination was false and pretextual, and that the actual reason for her termination was her color/race, and/or her disability/perceived disability/record of impairment, or in retaliation for protesting discrimination in the workplace, all of which was in violation of the Plaintiff's federally protected rights under Title VII and the ADA (as well as § 1981). Defendant's unlawful, discriminatory and/or retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits

including income, and also subjected Plaintiff to inconvenience, emotional distress, mental anguish, and other damages and injuries.

13. Defendant's unlawful discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under Title VII, § 1981, and the ADA, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and all other just and proper relief in the premises.

**JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:    cmyers@myers-law.com
Counsel for Plaintiff

**02D09-2303-CT-000180**

Allen Superior Court 9

Filed: 3/2/2023 8:55 AI
Cler
Allen County, Indian
B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 24D-2022-00234 |
| | FEPA | EO-0228-A22 |

| Fort Wayne Metropolitan Human Relations Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Mrs., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Dynyah Lee | (260) 467-3767 | |

Street Address
3525 McKinnie Avenue
Fort Wayne, IN 46806

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Dana | 501+ Employees | (260) 483-7174 |

Street Address
2100 West State Blvd
Fort Wayne, IN 46808

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Retaliation, Race | 03/25/2022 | 05/20/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a qualified Black individual who worked for Dana (Dana) as a Machine Operator from February 28, 2022 until May 20, 2022. On March 25, 2022, I was injured at work and was given work hours and lifting restrictions. Despite my restrictions, I was told that I would be terminated if I couldnt do the required work. In April 2022, I complained to Human Resources personnel, Lindsey (Lindsey), that my restrictions were not being followed by supervisor Jennifer Hollis (Jennifer). Jennifer was not following my restrictions, even though, a white employee, Grace/Fran, had restrictions and nothing was said to her. Lindsey stated that it would be investigated, but it was never addressed. On May 13, 2022, the doctor raised my restrictions to 10 pounds and ability to work 50 hours weekly so that I wouldnt be terminated. The discrimination became worse, with Jennifer giving me more mandated hours, more work and negative weekly performance evaluations that others were not given. On May 20, 2022, I was told that I was being terminated because I couldnt keep up with the work. The policy states that before a person is terminated, they should be given the opportunity to work in another department. I was not given that option, even though, other employees outside of my protected class are transferred. Additionally, I have witnesses that heard Jennifer state, after I was terminated, that she finally got rid of me and that she was not hiring any more

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 5-25-22
Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* 5/25/2022 |

RENEE KELSAW, Notary Public
Allen County, State of Indiana
Commission Number NP0739546
My Commission Expires March 03, 2030

Ex. A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 24D-2022-00234 |
| | FEPA | EO-0228-A22 |
| Fort Wayne Metropolitan Human Relations Commission | | and EEOC |
| State or local Agency, if any | | |

little Black girls. For these reasons, I believe I have been discriminated against on the basis of my race, black, and retaliated against for complaining of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and Fort Wayne Ordinance G-21-78, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| _____          _____ Date                                    Charging Party Signature | SUBSCRIBED  AND  SWORN  TO  BEFORE  ME  THIS . DATE (month, day, year) |

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | [X] FEPA | EO-0228-A22 |
| | | [X] EEOC | 24D-2022-00234 |

| Equal Employment Opportunity Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Mrs., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Dynyah Lee | (260) 467-3767 | |

| 0Street Address | City, State and ZIP Code |
|---|---|
| 3525 McKinnie Avenue | Fort Wayne, Indiana 46806 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Dana Corporation | 500 + | (260) 483-7174 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2100 West State Blvd | Fort Wayne, IN 46808 |

DISCRIMINATION BASED ON (Check appropriate box(es).)
PREGNANCY

[X] RACE  [X] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION

[ ] OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03/25/2022    Latest: 05/20/2022

[x] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.    The Complainant is Dynyah Lee, a qualified black/African American who also suffered from a serious medical condition constituting a disability/perceived disability/record of impairment, at all material times to this Charge. The Complainant contends that the Respondent discriminated against and/or retaliated against her on the basis of her race/color, and or her disability/perceived disability/record of impairment. She additionally contends that the Respondent denied her reasonable accommodations for her serious health condition and failed to engage in the interactive process with her. The complained of conduct of the Respondent violated the Complainant's federally protected rights under Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e et sec. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), (as well as 42 U.S.C. § 1981).

II.   The Respondent is Dana Corporation, a company doing business at 2100 West State Blvd Fort Wayne, Indiana 46808. At all material times to this Charge, the Respondent was an "employer" for the purposes of Title VII, the ADA (and § 1981).

III.  The Complainant was employed by the Respondent as a machine operator from on or about February 28, 2022, until on or about May 20, 2022. She performed within the reasonable expectations of the employer at all material times to this Charge. On March 25, 2022, the Complainant suffered a work-related injury, and was medically ordered onto restrictions for her work hours and lifting. The work injury constituted a disability/perceived disability/record of impairment. The Respondent informed the Complainant she would be terminated if she "couldn't do the required work" and refused to comply with the Complainant's work restrictions. Those work restrictions would have been reasonable accommodations though for the work injury/disability.

Continue on Page 2

IV.     In April 2022, after the Respondent repeatedly failed to comply with the Complainant's work restrictions, and provide her reasonable accommodations for her condition, the Complainant contacted the Respondent's Human Resources Representative Lindsey _____ (last name unknown). The Complainant reported that her work restrictions were not being complied with by her supervisor Jennifer Hollis.

V.     Meanwhile, the Respondent had been complying with the work restrictions of a white/Caucasian employee named Grace/Fran and the Respondent did not threaten to fire the similarly situated white/Caucasian employee(s).

VI.     The Respondent's HR Representative Lindsey told the Complainant that the situation would be investigated, but it was never addressed. Eventually, on May 13, 2022, the Complainant's physician raised her work restrictions to permit her to lift up to 10 pounds, and work 50 hours per week, so that the Respondent would not terminate the Complainant.

VII.     The Complainants treatment by the Respondent worsened however, her supervisor Jennifer gave her more mandatory work hours, more work, and unjustified negative weekly performance evaluations, while similarly situated employee's that were non-black/non-African American, and/or who lacked serious health conditions constituting a disability/perceived disability/record of impairment, were not treated in the same harsh manner.

VIII.     On May 20, 2022, the Complainant was told she was being terminated, for allegedly being unable to keep up with the work.

IX.     The Respondent's policy however, stated that before an employee was to be terminated, they should be given the opportunity to work in a different department. This would have been a reasonable accommodation had the opportunity been offered to the Complainant. She wasn't given that option though, even though similarly situated employees outside of her protected categories did receive transfers to different departments.

X.     The Complainant contends that the proffered reason for termination was false and pretextual. One of the Complainant's co-workers informed the Complainant that she heard supervisor Jennifer Hollis state, following the Complainant's termination, that Hollis "finally got rid of [the Complainant] and that Hollis "not hiring anymore little black girls".

XI.     The Complainant contends that the actual reason for her termination was her color/race, and/or her disability/perceived disability/record of impairment, or in retaliation for protesting discrimination in the workplace, all of which was in violation of the Complainant's federally protected rights under Title VII and the ADA (as well as § 1981). The Respondent's unlawful, and/or retaliatory conduct was the direct and proximate cause of the Complainant suffering the loss of her job- and job-related benefits including income, and also subjected the Complainant to inconvenience, emotional distress, mental anguish, and other damages and injuries.

XII.     The Complainant is entitled to compensatory damages and reasonable attorney fees and costs from the Respondent.

CONTINUED ON PAGE 3

XIII.    The complained of discriminatory and/or retaliatory conduct by the Respondent was intentional, knowing, willful, wanton, and in reckless disregard of the Complainant's federally protected rights under Title VII, the ADA (as well as 42 U.S.C. § 1981).  The Complainant is entitled to punitive damages against the Respondent.

---

want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

8-19-22    _Ynyah Lu_
Date        Charge Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

_Susan C. Neff_

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

SIGNATURE OF COMPLAINANT

_P Lu_

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

8 / 19 / 2022

SUSAN C. NEFF
Adams County
My Commission Expires
February 10, 2024



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Indianapolis District Office
101 West Ohio St., Suite 1900
Indianapolis, IN 46204
(317) 999-1178
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 01/27/2023

**To:** Dynyah Lee
3525 McKinnie Avenue
Fort Wayne, IN 46806

Charge No: 24D-2022-00234

EEOC Representative:        Jeremy Sells
State, Local & Tribal Coordinator
(463) 999-1161

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele 01/27/2023
Michelle Eisele
District Director

Please retain this notice for your records.

cc: On following page